UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNATHAN C. LARGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1243-F |
| | ) | |
| BECKHAM COUNTY DISTRICT COURT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Johnathan C. Large, a state prisoner appearing pro se and seeking to proceed *in forma pauperis*, has initiated the present action under 42 U.S.C. § 1983, naming Beckham County District Court as the sole defendant. *See* Compl., Doc. No. 1. United States District Judge Stephen P. Friot has referred this matter to the undersigned for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Court dismiss the complaint without prejudice for seeking monetary relief from a defendant that is immune from such relief and for failure to state a claim upon which relief may be granted. *See id.* § 1915A(b)(2), (b)(1). It is additionally recommended that Plaintiff's pending motions be denied.

PLAINTIFF'S CLAIMS AND RELIEF SOUGHT

In his one-count Complaint, Mr. Large alleges that he has been "abused and neglected" by the Beckham County District Court, and "some of it is defin[i]tely illegal"

and "of a criminal nature." Compl. at 2-3. For factual support, he states: "Imposed an illegal sentence, and will not allow me new coun[se]l when I request, and didn't help me while being abused in their jail at all." *Id.* at 3. Mr. Large alleges that he has requested relief from various authorities and attaches some filings from another of his civil lawsuits. *Id.* at 4; Compl. Ex. 1, Doc. No. 1-1. The Complaint provides no further factual description regarding the alleged violation of his civil rights by Defendant. Mr. Large seeks compensatory damages of either $1,500 or $2,000 per day for each day since he was arrested and detained in December 2010. Compl. at 4.

ANALYSIS

Pursuant to 28 U.S.C. § 1915A, the Court is obligated to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer, or employee of a governmental entity. If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, the Court "shall" dismiss the complaint. 28 U.S.C. § 1915A(a)-(b); *see also id.* § 1915(e)(2)(B) (governing *in forma pauperis* actions and requiring dismissal under these grounds "at any time"); 42 U.S.C. § 1997e(c)(1) (governing prisoners' Section 1983 actions challenging prison conditions and requiring dismissal "if the court is satisfied" that any of these grounds exist).

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to the rules of procedure applicable to their cases. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Under such rules, the plaintiff must state a claim on which

relief may be granted, i.e. the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A district court may *sua sponte* dismiss a pro se complaint for failure to state a claim upon which relief may be granted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and amendment would be futile. *McKinney v. State of Okla., Dep't of Human Servs., Shawnee, OK*, 925 F.2d 363, 365 (10th Cir. 1991). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

   A. *Eleventh Amendment Immunity*

In this lawsuit, Mr. Large seeks money damages from Beckham County District Court. Pursuant to the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. State unless the immunity is abrogated by Congress or the state unequivocally waives its immunity. U.S. Const. amend XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). This immunity from suit extends to governmental entities considered "arms of the state." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *see also ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *abrogated on*

3

*other grounds as recognized in Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). Thus, if the District Court of Beckham County, Oklahoma is considered an arm of the State of Oklahoma, it is immune from the monetary relief sought – and immune from suit entirely – unless the immunity has been abrogated by Congress or unequivocally waived by the State of Oklahoma. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002); *ANR Pipeline Co.*, 150 F.3d at 1187.

"Under the arm-of-the-state doctrine, courts classify state governmental bodies according to a dichotomy, in which arms of the state enjoy Eleventh Amendment immunity, whereas political subdivisions such as counties and cities do not." *Mascheroni v. Bd. of Regents of Univ. of Cal.*, 28 F.3d 1554, 1559 (10th Cir. 1994), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). "As a general matter, state courts are considered arms of the state." 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3524.2, at 324-25 (3d ed. 2008).[1] This court previously has so held. *See Edwards v. Whetsel*, No. CIV-08-134-F, 2009 WL 368487, at *1, *4 (W.D. Okla. Feb. 13, 2009) (ordering dismissal of suit against Oklahoma County District Court based on Eleventh Amendment immunity); *Colter v. Whetsel*, No. CIV-08-449-W, 2008 WL 4919384, at *1, *4 (W.D. Okla. Nov. 17, 2008) (same).

Although the question of whether a defendant is an arm of the state is one of federal law, courts consider the state's own characterization of the entity in their analysis.

---

[1] *See, e.g.*, *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993).

*See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (discussing the primary factors applied and noting that the determination largely depends upon the court's analysis of the "nature of the entity created by state law" (internal quotation marks omitted)). The Oklahoma district courts constitute a statewide entity created by the Oklahoma Constitution. *See* Okla. Const. art. 7, § 7. All Oklahoma district courts are governed by the same statutory scheme and are required by statute to deposit their gross receipts, less expenses and a small reserve, into a revolving fund in the State Treasury; these remittances are subject to disbursement and appropriation by Oklahoma's Administrative Director of the Courts and the Oklahoma Supreme Court. *See* Okla. Stat. tit. 20, chs. 4, 18; *id.* §§ 1308, 1309, 1310.2. Therefore, it appears that any judgment against Defendant would be drawn upon the State's purse rather than its own—a factor that weighs in favor of Defendant being considered an arm of the state rather than a political subdivision. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 430 (1997). In addition, Oklahoma district courts are excluded from the enumerated "political subdivisions" defined within the State's tort claims act. *See* 51 Okla. Stat. § 152(11); *cf. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (holding local school board for school district defined as political subdivision under Ohio state law was not entitled to assert Eleventh Amendment immunity). Taking into account "the provisions of state law that define [its] character," *Regents of Univ. of Cal.*, 519 U.S. at 429 n.5, the District Court of Beckham County should be considered an arm of the State of Oklahoma and, therefore, entitled to Eleventh Amendment immunity from suit.

As noted, Eleventh Amendment immunity remains intact unless abrogated by Congress or unequivocally waived by the state. The State of Oklahoma has not waived Eleventh Amendment immunity against § 1983 claims in federal court. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated state immunity in any way pertinent to Plaintiff's § 1983 claim. *See*, *e.g.*, *Quern v. Jordan*, 440 U.S. 332, 342, 345 (1979). The Eleventh Amendment therefore bars Plaintiff's claim for monetary relief against the District Court of Beckham County.[2] *See Edward*, 2009 WL 368487, at *4; *Colter*, 2008 WL 4919384, at *4. Because the sole named defendant in this action enjoys Eleventh Amendment immunity from Mr. Large's claim for monetary relief, and that is the only relief sought by Plaintiff, the Complaint should be dismissed without prejudice under 28 U.S.C. § 1915A(b)(2).

*B. Failure to State a Claim upon Which Relief May Be Granted*

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Mr. Large's Complaint fails to state a viable claim because a state court is not a "person" subject to suit under 42 U.S.C. § 1983. "Neither the state, nor a governmental entity that is an arm of the state for

---

[2] Any claim Mr. Large might bring against a judge of the State of Oklahoma is barred by the doctrine of absolute judicial immunity, as the Complaint does not allege any facts to establish that any judicial officer acted "in the clear absence of all jurisdiction." *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir. 2003) (internal quotation marks omitted).

Eleventh Amendment purposes, . . . is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded by statute on other grounds*; *accord Coopersmith* v. *Supreme Court of Colo.,* 465 F.2d 993, 994 (10th Cir. 1972); *Clark*, 984 F.2d at 273. As detailed above, the District Court of Beckham County is an arm of the State of Oklahoma and, therefore, is not a person for the purposes of § 1983. The Complaint therefore is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[3]

Plaintiff's Complaint contains vague references to a jail but does not name any facility or official as a defendant. Even if Mr. Large had named a detention facility or facility officials as defendants, he makes no rational argument in law or fact that would entitle him to relief. Courts in this Circuit routinely hold that "state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *See Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000); *Witmer v. Grady Cnty. Jail*, No. CIV-10-796-D, 2011 WL 4588910, at *2 (W.D. Okla. Apr. 7, 2011) (report and recommendation), *adopted*, 2011 WL 4578453 (Sept. 30, 2011), *and aff'd*, 483 F. App'x 458 (10th Cir. 2012). Moreover, Mr. Large's claims of "abuse" and "neglect" are mere conclusions; the Complaint provides no facts supporting a plausible § 1983 claim.

---

[3] Apropos of the instant situation, the Eighth Circuit has explained: "[I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment, anyway." *Clark*, 984 F.2d at 273.

Further, the relief Mr. Large seeks is money damages for daily violations from 2010 to the present; but, he has not been detained anywhere in Beckham County during the pendency of this lawsuit. *See* Compl. at 1; Doc. Nos. 7, 8 (showing Mr. Large's address at a facility in Boley, Oklahoma, which is in Okfuskee County).

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed upon initial review pursuant to 28 U.S.C. § 1915A(b)(2) and (b)(1)[4] without prejudice. Plaintiff's claim for money damages is foreclosed by the Eleventh Amendment, and he has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Upon the Court's adoption of this recommendation, Plaintiff's pending motions (Motion for Leave to Proceed *In Forma Pauperis*, Doc. No. 7; Motion for Order, Doc. No. 8) should be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 21, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation would waive the right to

---

[4] A dismissal on this basis would count as a prior-occasion "strike" under 28 U.S.C. § 1915(g). Title 28, Section 1915(g) bars an inmate who has had three prior actions or appeals dismissed under certain specified grounds from proceeding *in forma pauperis* unless he or she "is under imminent danger of serious physical injury." "[A] dismissal under § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . ." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011).

appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 31st day of December, 2013.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE